UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>        Defendant. | Civil Case No. 1:23-cv-00340 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the Internal Revenue Service under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA or, in the alternative, the Administrative Procedure Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical

1

conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant Internal Revenue Service ("IRS" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and the Administrative Procedure Act, 5 U.S.C. § 701(b). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On December 1, 2022, PPT submitted a FOIA request (attached as Exhibit A) to the IRS seeking the following records:

   From January 20, 2021, through the date this request is processed, records of communications and meetings – including emails, text messages, phone records and call logs, Teams or Zoom meetings information and chats, calendar invitations, and messages sent on encrypted messaging applications – conducted between the listed FTX crypto exchange executives and contacts and Commissioner Charles P. Rettig:

   Executives and contacts

   a) Sam Bankman-Fried
   b) Dan Friedberg
   c) Caroline Ellison
   d) Brett Harrison
   e) Delaney Ornelas
   f) Nishad Singh
   g) Wang Zixiao
   h) Sam@ftx.com
   i) sam@westrealmshires.com

2

   j) 11235813sam@gmail.com
   k) 11235813sam@protonmail.com
   l) 11235813sam@proton.me
   m) 650-906-9179

7. The release of these records is in the public interest because they will shed light on the relationship (if any) between FTX and its top executives and the highest-ranking official at the IRS. FTX was one of the cryptocurrency industry's largest exchanges. Its rapid bankruptcy filing comes amid reports that "at least $1 billion worth of customer funds have vanished from FTX,' with FTX potentially "ow[ing] money to more than a million people and organizations." Peter Whoriskey and Dalton Bennett, *Crypto's Free-Wheeling Firms Lured Millions. FTX Revealed the Dangers*, Wash. Post (Nov. 16, 2022), https://www.washingtonpost.com/business/2022/11/16/ftx-collapse-crypto-exchanges-regulation/. The collapse of FTX is thus one of the biggest financial scandals in recent history. Moreover, press reports indicate that at least one FTX executive had what has been characterized as an "unusual" meeting with the head of another federal agency that regulated FTX, the Securities and Exchange Commission. Charlie Gasparino, *SEC Chairman Gary Gensler Met with Head of FTX Months Before Collapse*, FoxBusiness (Nov. 15, 2022), https://www.foxbusiness.com/markets/sec-chairman-gary-gensler-met-with-head-ftx-months-before-collapse. The requested records will shine a light on whether the head of the IRS had similar meetings with FTX and, if so, the subject of those meetings and communications.

8. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the

governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

9. On December 1, 2022, the IRS acknowledged receipt of Plaintiff's request and referred to it as case number 2023-03673.

10. On December 14, 2022, the IRS sent an "interim response" letter to Plaintiff (attached as Exhibit B) claiming "[y]our request is overly broad in nature and we are unable to process your request as it does not meet the requirements of the FOIA or the applicable agency regulations." The letter provided only a conclusory description of the Department's regulations and did not provide any analysis as to how Plaintiff's request was allegedly deficient. This letter further demanded that Plaintiff modify its request on or before January 16, 2023 "or we'll close your request with no further action."

11. On January 10, 2023, Plaintiff submitted a written response to the Department's letter (attached as Exhibit C). This response stated "[y]ou provide no analysis to support this conclusory statement, nor do you even identify what portions of the request you believe are 'overly broad' or do not meet the legal requirements for a FOIA request." The letter further disputed the Department's contention, stating:

> On its face, your claim is contrary to law and fact. The request provides more than sufficient information for an agency employee reasonably familiar with the subject matter of the request to identify and produce the records sought with a reasonable amount of effort. To wit, the request identifies a date range: January 20, 2021, through present. It identifies a single custodian of records: Commission [*sic*] Charles P. Rettig. It identifies a subject matter: communications with a limited set of named FTX executives. It provides names for those FTX executives, as well as specific email addresses and a phone number.

> Any IRS employee reasonably familiar with Commissioner Rettig's external communications can find these records using these parameters with minimal effort.

12. Finally, Plaintiff's January 10, 2023, letter concluded: "If you continue to believe that our request is overly broad, please: 1) treat this communication as an administrative appeal of your erroneous determination, and 2) provide specific information about what you believe renders our request overly broad or fails to conform to the requirements of FOIA or Department of Treasury regulations."

13. On January 12, 2023, the IRS responded (Exhibit D) in part: "Your letter states that your subject matter is 'communications with a limited set of named FTX executives'. That is not a subject matter and instead defines the type of documents you seek aka emails, phone calls, correspondences... Please let us know what subject matter you seek regarding these communications." The Department went on to state "Our letter to you on December 14, 2022, still stands (see attached). Please reply back to me or in writing by January 16, 2023, with a subject matter for your request or we will be closing your request without any further action."

14. The Department's contention that 'communications with FTX executives" is not a subject matter is facially false.

15. It is also materially irrelevant. Both FOIA and the Department's regulations merely require that a requester "reasonably describe" the records it seeks. *See* 5 U.S.C. § 552(a)(3)(A); 26 C.F.R. §§ 601.702(c)(4)(D), (c)(5)(i). While identifying a subject matter is a common way of ensuring that requested records are "reasonably described," it is not mandatory. To wit, Department regulations state provide "[w]hile *no specific formula for a reasonable description of a record can be established*, the requirement *shall generally be satisfied* if

5

the requester gives the name, taxpayer identification number (e.g., social security number or employer identification number), subject matter, location, and years at issue, of the requested records." 28 C.F.R. § 601.702(c)(5)(i) (emphasis added).

16. On January 13, 2023, Plaintiff responded to the Department (Exhibit E), noting that the Department's prior response "appears to be an intentional effort to withhold clearly requested and identified records in the Service's custody." It went on to highlight that the request seeks records from a single IRS employee of communications with a limited number of FTX executives.

17. On January 19, 2023, the Department sent a "Final Response Letter" (attached as Exhibit F), which stated that the Department "did not receive the needed information [from Plaintiff], therefore we are closing your request with no further action."[1]

18. Thus, Plaintiff has sought to engage with the IRS and been rebuffed. Plaintiff has no additional administrative options to obtain relief.

19. Plaintiff submitted a valid FOIA request that reasonably describes the records sought. To wit, it requests records from a single records custodian: IRS Commissioner Charles Rettig; it specifies a date range: January 20, 2021 through the date the request is processed; it identifies a subject matter: communications with seven named FTX executives; it identifies possible search terms, including five email addresses associated with the named FTX executives and one phone number; and it was properly submitted to the IRS.

---

[1] Approximately two hours later, Plaintiff received a message stating that the agency "would like to recall the message" with the subject matter for the final response letter. On January 23, 2023, Plaintiff requested clarification regarding the meaning of this recall message. The agency did not respond. Moreover, the Department also mailed the January 19, 2023, letter to Plaintiff. Thus, there is no indication that the Department has changed its position or is processing Plaintiff's request.

20. By refusing to process Plaintiff's request, the agency is wrongfully withholding records and violating its statutory obligations under FOIA.

21. Moreover, the IRS may not claim that a final response that a request fails to satisfy the requirements to constitute a valid FOIA request places this matter beyond the reach of the court. *See National Security Counselors v. Central Intelligence Agency*, 898 F.Supp.2d 233, 278 (D.D.C. 2012) ("[A] FOIA requester dissatisfied with an agency's decision about whether a request 'reasonably describes' the records it seeks may seek judicial review of that question.").

22. The agency is violating FOIA by wrongfully withholding records in response to a valid FOIA request. *See generally Middle East Forum v. United States Department of the Treasury*, 317 F.Supp.3d 257 (D.D.C. 2018) (holding that the IRS improperly refused to process a FOIA request by claiming that it did not comply with FOIA or Department of Treasury regulations).

23. Second, and in the alternative, if FOIA does not provide a remedy for the IRS's wrongful denial, then the IRS's determination falls within the scope of the Administrative Procedure Act. *See National Security Counselors*, 898 F.Supp.2d at 280 ("[T]he unavailability of an administrative appeal [of a decision that a request did not reasonably describe the records sought] would not preclude a requester from seeking *judicial* review of an agency's decision that a request is improper . . . . At the very least, such an agency decision would be presumptively reviewable under the APA, if not the FOIA itself." (emphasis in the original)); 5 U.S.C. §§ 702, 704.

24. The Department's action in refusing to process Plaintiff's FOIA request is arbitrary, capricious, an abuse of discretion, and not in accordance with the law. If there is not a

remedy available under FOIA, then the Department's actions violate the Administrative Procedure Act.  5 U.S.C. § 706(2).

25. The Department has wrongfully refused to process Plaintiff's FOIA request and is wrongfully withholding the requested records.  Plaintiff has engaged with the agency and has no further avenue for exhausting administrative review, as evidenced by the Department's "final determination."  *See also generally National Security Counselors*, 898 F.Supp.2d 233 (2012).  Thus, Plaintiff seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

26. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. PPT properly submitted a request for records within the possession, custody, and control of the Department.

28. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

29. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to process Plaintiff's FOIA request and failing to produce non-exempt records responsive to its request.

30. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

31. The Department's failure to provide all non-exempt responsive records violates FOIA.

32. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### COUNT II (IN THE ALTERNATIVE)
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)
### Arbitrary and Capricious Determination

33. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

34. This Count is presented in the alternative, and only in the circumstance that the Court determines that FOIA does not govern the Department's refusal to process Plaintiff's request.

35. The Department is an agency within the meaning of the Administrative Procedure Act.

36. The Department's claim that Plaintiff failed to provide a subject matter for its FOIA request is false.

37. The Department's implicit assertion that Plaintiff is required to provide a subject matter for its FOIA request is false.

38. The Department's refusal to process Plaintiff's FOIA request on the grounds that Plaintiff has not adequately described the records sought is arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with the law.

39. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly process Plaintiff's FOIA request.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA requests and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: February 7, 2023                Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*